UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARCIA S. R.,

            Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

            Defendant.

Case No. 3:19-cv-01986-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

Plaintiff Marica S. R.[1] seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Title XVI Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 1381 – 1383. This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), and 1383(c). All parties have consented to allow a Magistrate Judge to enter final

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the following reasons, the Commissioner's decision is affirmed.

*Procedural Background*

On April 14, 2106, Plaintiff filed an application for Supplemental Security Income alleging disability due to sciatic pain, arthritis, depression, anxiety, and skin issues.[2] Tr. Soc. Sec. Admin. R. ("Tr.") 134, ECF No. 13. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on July 20, 2018, at which Plaintiff appeared with her attorney and testified. A vocational expert, Vernon G. Arne, also appeared and testified at the hearing. On November 16, 2018, the ALJ issued an unfavorable decision.[3] The Appeals Council denied Plaintiff's request for review and, therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review. Tr. 1.

Plaintiff was born in 1972, was forty-three years old on the date the application was filed, and forty-five on the date of the ALJ's decision. Tr. 23, 134. Plaintiff has a college degree in social science. Tr. 39. Plaintiff has previously worked as an office manager, a supervisor at a call center, and as student advisor. Tr. 144, 159, 312.

\ \ \ \ \

\ \ \ \ \

---

[2] At the hearing on July 20, 2018, Plaintiff amended her alleged onset date from May 1, 2008 to April 14, 2016. Tr. 33.

[3] Plaintiff previously applied for and was denied Title II and Title XVI benefits in an administratively final decision. Tr. 15. The ALJ determined that Plaintiff successfully rebutted the presumption of continuing nondisability due to a change in the legal standards for mental listings and the presentation of new and material evidence concerning her inflammatory arthritis. Thus, ALJ did not adopt findings from the prior decision. Tr. 15.

Page 2 – OPINION AND ORDER

*The ALJ's Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 14, 2016, the application date. Tr. 17. At step two, the ALJ determined that Plaintiff has the following severe impairments: inflammatory polyarthritis, spine disorder, obesity, irritable bowel syndrome ("IBS"), depression, and anxiety. Tr. 17. At step three, the ALJ determined that Plaintiff's severe impairments did not meet or equal any listed impairment. Tr. 18-19. Reviewing all the evidence in the record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following additional limitations: she can stand, walk, and sit for six hours; can occasionally climb ramps and stairs; can never climb ladders, ropes and scaffolds; can occasionally stoop, kneel, crouch, and crawl; requires the opportunity to shift from sitting to standing at will; should have no exposure to vibration or hazards; and is limited to simple, routine work in a workplace with no more than occasional workplace changes. Tr. 20.

At step four, the ALJ made no definitive ruling about past relevant work. Tr. 23. The ALJ did not make alternative step five findings. Tr. 28. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including such representative occupations as: labeler, document preparer, and eyeglass assembler. Tr. 24. Therefore, the ALJ determined that Plaintiff has not been disabled since April 14, 2016, the date of her disability application. Tr. 25.

\\\\\

\\\\\

\\\\\

Page 3 – OPINION AND ORDER

*Issue on Review*

Plaintiff argues the ALJ improperly evaluated the opinion of her treating physician, Shauna Ensminger, M.D. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of legal error.

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I. Waiver

As a threshold matter, in the Opening Brief, Plaintiff listed the ALJ's evaluation of her subjective symptom testimony as an issue for review. However, Plaintiff has not specifically and distinctly presented any argument, or citations to legal authority and record support, for that issue in the Opening Brief. The Commissioner contends that the issue of the ALJ's evaluation of

Page 4 – OPINION AND ORDER

Plaintiff's subjective symptom testimony is waived, a point not challenged by Plaintiff in the Reply Brief. (Def.'s Br. at 2 n.1, ECF No. 16; Pl.'s Reply Br. at 1.) The court agrees, and therefore, concludes Plaintiff has waived that issue. *See Kimberly R. v. Saul*, Case No. 3:18-cv-01632-SB, 2020 WL 886296, at *3 (D. Or. Feb. 24, 2020) (suggesting failure to specifically and distinctly discuss issue in opening brief operates as waiver) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (explaining that "issues which are not specifically and distinctly argued and raised in a party's opening brief are waived")); *Mary S. v. Comm'r Soc. Sec. Admin.*, Case No. 6:17-cv-01084-JE, 2019 WL 4418815, at *6 (D. Or. July 10, 2019), *adopted*, 2019 WL 4417477 (Sept. 13, 2019) (determining claimant waived issue by not challenging the rejection of subjective symptom testimony). *See also Loper v. Comm'r Soc. Sec. Admin.*, Case No. CV-18-08316-PCT-JAT, 2019 WL 4439688, at *1 (D. Ariz. Sept. 17, 2019) (stating that when challenging an ALJ's administrative decision, issues not specifically and distinctly articulated to district court are waived); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (providing issues not presented in opening brief of social security appeal are waived). Even if the Plaintiff had not waived the issue, a challenge to the ALJ's findings would be unsuccessful. After a thorough review of the record, it is clear that the ALJ provided the requisite clear and convincing reasons for determining that Plaintiff's subjective symptom testimony was inconsistent with the evidence of record. Tr. 20-22.

II. Medical Evidence

  *A.   Standards*

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). In general, the opinion of a treating physician is given more weight than the opinion

Page 5 – OPINION AND ORDER

of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R. § 416.927. "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn*, 495 F.3d at 631 (internal quotations omitted) (alterations in original); *Trevizo*, 871 F.3d at 675 (same); 20 C.F.R. § 416.927(c).[4] "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo*, 871 F.3d at 675; 20 C.F.R. § 416.927(c)(2)-(6).

To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1012. To meet this burden, the ALJ must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."

---

[4] The court notes that for all claims filed on or after March 27, 2017, the regulations set forth in 20 C.F.R. § 416.927c, not § 416.927, govern. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c. Thus, the new regulations eliminate the term "treating source," as well as what is customarily known as the treating source or treating physician rule. *See* 20 C.F.R. § 416.920c. In this case, Plaintiff filed her claim for benefits in April 2016, well before March 27, 2017, and the court therefore analyzes Plaintiff's claim pursuant to the treating source rule set out in § 416.927 (providing the rules for evaluating opinion evidence for claims filed prior to March 27, 2017).

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory.  *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

    B.    Analysis

Dr. Ensminger was Plaintiff's primary care physician for approximately four years.  Dr. Ensminger treated Plaintiff for several conditions, including pain management.  Tr. 340, 355, 531.  Dr. Ensminger's treatment notes reflect that Plaintiff was prescribed methadone for her chronic pain complaints.  Tr. 328, 337, 340-41, 350-51, 355, 566, 579, 588, 593, 606, 624.  Plaintiff consistently reported to Dr. Ensminger that methadone was helpful in that "she is able to function much better" and get around the house, make it to appointments, and perform household duties.  *See, e.g.*, Tr. 580, 606.  Plaintiff denied experiencing any methadone side effects.  Occasionally, Plaintiff noted that the methadone was helpful, but was not helping enough, and she asked for an increased dosage.  Tr. 340-42.  The record does not reflect that Dr. Ensminger approved any increase to her methadone over the course of years, but instead referred Plaintiff to rheumatology, physical therapy, and counseling for additional pain management.  Tr. 343, 344, 355, 579, 593, 624, 655.

On July 10, 2018, Dr. Ensminger completed a medical source statement.  In the statement, Dr. Ensminger indicated that she has treated Plaintiff for approximately four years for chronic pain secondary to inflammatory polyarthritis, degenerative disc disease, arthritis of the hips, and chronic diarrhea.  Tr. 733.  Dr. Ensminger described Plaintiff's symptoms as low back and leg pain, chronic diarrhea, and recurrent painful rash.  Tr. 733.  In the residual functional capacity ("RFC") assessment portion of the statement, Dr. Ensminger opined that Plaintiff could frequently lift and carry ten pounds, and occasionally carry twenty pounds.  Tr. 734.  Dr. Ensminger noted

Page 7 – OPINION AND ORDER

no limitations on Plaintiff's ability to sit, stand, or walk, but opined that Plaintiff would need to be able to "change positions frequently" and "may need to intermittently lie down." Tr. 734. Dr. Ensminger observed that Plaintiff's ability to push and pull is limited in her lower extremities. Tr. 734. Dr. Ensminger concluded that Plaintiff could never engage in following: climbing, balancing, stooping, bending, kneeling, crouching, crawling, reaching overhead, and reaching from shoulder height. Tr. 734. She further opined that Plaintiff could occasionally engage in handling, fingering, and feeling, but that limitations on her upper extremities were not applicable, except the need to change positions frequently. Tr. 734-35. Dr. Ensminger clarified that she was not treating Plaintiff for any mental health issues, and thus did not assess any corresponding limitations. Tr. 736. Dr. Ensminger lastly opined that Plaintiff would miss sixteen hours or more per month from even a simple, routine job "due to exacerbation with chronic pain." Tr. 736.

In the decision, the ALJ gave Dr. Ensminger's opinion partial weight, detailing several reasons for crediting and rejecting the various limitations. Tr. 22. First, the ALJ credited Dr. Ensminger's assessed lifting restrictions and the need to change position because they were consistent with the record and incorporated those restrictions into the RFC. Tr. 21-22. Second, the ALJ rejected Dr. Ensminger's opinion that Plaintiff would need to intermittently lie down because it was not consistent with the medical record. Tr. 22. Third, the ALJ rejected Dr. Ensminger's opinion that Plaintiff was prohibited from all postural activity and most reaching, because those limitations were inadequately supported by the medical record and unsupported by any imaging studies. Tr. 22. Fourth, the ALJ rejected Dr. Ensminger's reaching limitations because she had offered somewhat contradictory explanations, noting that Plaintiff could never perform reaching yet also opining the limits were not applicable. Tr. 22. Fifth, the ALJ found that Dr. Ensminger's statement that Plaintiff would miss two days of work per month inconsistent

Page 8 – OPINION AND ORDER

with treatment notes that show Plaintiff was able to perform tasks while taking medications. Tr. 22. The ALJ further noted that Plaintiff's unsuccessful work trial "appeared to allow less of a sit/stand option than [Plaintiff] required." Tr. 22.

Plaintiff does not challenge the ALJ's rejection of Dr. Ensminger's limitations that she needs to intermittently lie down, or has postural, reaching, or other upper or lower body limitations. Plaintiff concedes the ALJ provided specific and legitimate reasons that are backed by substantial evidence in the record for excluding these limitations from the RFC. (Pl.'s Br. at 5.) The court agrees: the ALJ's reasons – inconsistency with the medical record and internal inconsistency – are fully backed by substantial evidence, are reasonable interpretations of the record, and will not be disturbed. *Tommassetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (noting that incongruence between doctor's opinion and claimant's medical records provides specific and legitimate basis for rejection); *see Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (explaining that internal contradiction is a specific and legitimate reason for rejecting a treating physician's opinion).

In the instant action, Plaintiff challenges only the ALJ's rejection of Dr. Ensminger's limitation that she would miss work two days or more per month due to an exacerbation of her chronic pain. Plaintiff argues that the ALJ failed to properly evaluate this portion of Dr. Ensminger's opinion, citing *Dale v. Colvin*, 823 F.3d 941, 945 (9th Cir. 2016). Plaintiff suggests that the ALJ divided Dr. Ensminger's opinion into portions and failed to provide a specific and legitimate reason for rejecting the limitation that she would be absent two days or more each month due to chronic pain exacerbations. Plaintiff contends that her ability to engage in limited activities, such as working around her home, taking care of her son, and attending appointments is not sufficient to show that she could engage in sustained work without missing sixteen hours or

Page 9 – OPINION AND ORDER

more per week. According to Plaintiff, the ALJ failed to provide a specific and legitimate reason for discounting this portion of Dr. Ensminger's opinion. The court disagrees for three reasons.

First, the ALJ discounted Dr. Ensminger's opinion about Plaintiff's absences caused by chronic pain exacerbations, because it was inconsistent with Dr. Ensminger's own treatment notes revealing that Plaintiff was able to perform tasks while taking medications. An ALJ may reject an opinion when it conflicts with the doctor's own treatment notes. *See Ford*, 950 F.3d at 1154 (observing that inconsistency between treating physician's treatment notes and opinion is a clear and convincing reason for not relying on the opinion, and therefore "is also a specific and legitimate reason for rejecting it"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion). As the ALJ correctly noted, Dr. Ensminger's treatment notes show that from 2016 through 2018, Plaintiff repeatedly reported the methadone was helpful for pain control, and that it enabled her to get around, do chores, go shopping, and attend appointments. Tr. 22, 580, 606. Dr. Ensminger's notes reflect that Plaintiff reported the methadone helped her leg pains and reported that it was beneficial. Tr. 21, 345, 566, 579, 624. Based on Dr. Ensminger's treatment notes that consistently reflect Plaintiff's increased mobility when taking methadone, the ALJ reasonably could find that Dr. Ensminger's assessment that Plaintiff would miss work two days per month due to chronic pain were not fully supported and, thus, appropriately discounted Dr. Ensminger's opinion on that basis. The ALJ's first rationale alone provides an adequate basis to reject Dr. Ensminger's opinion that Plaintiff would miss sixteen hours of work per month.

Second, the ALJ found that Dr. Ensminger's opinion that Plaintiff would miss work sixteen hours or more per month due to her chronic pain was undermined by Plaintiff's work trial. Tr.

Page 10 – OPINION AND ORDER

22.  Consistency with the evidence as a whole is a valid consideration in evaluating medical opinions. 20 C.F.R. § 416.927(c)(4); *see also Ford*, 950 F.3d at 1155 (providing inconsistency between claimant's activity level and physician's opinion is specific and legitimate reason for discounting it).  The ALJ's decision suggested that Dr. Ensminger's opinion that Plaintiff would miss work due to chronic pain was not supported by the work trial, because the work performed during the work trial was beyond her physical capabilities and failed to include a "sit/stand option" that Plaintiff requires.  Tr. 22.  The court finds the ALJ's interpretation of Dr. Ensminger's opinion and the work trial reasonable and supported by substantial evidence.  Notably, Plaintiff does not challenge the ALJ's evaluation and partial rejection of the vocational rehabilitation work trial which found Plaintiff unlikely able to work a full six- to eight-hour shift and keep-up with job duties, and the conclusion that Plaintiff should be limited to sedentary position with limited mobility.  Tr. 23, 299-305.  Similarly, Plaintiff does not challenge the ALJ's rejection of Plaintiff's subjective symptom testimony, including the ALJ's rejection of her chronic pain complaints.  While Plaintiff advances an alternative interpretation of the medical evidence, the ALJ provided several specific and legitimate reasons for discounting Dr. Ensminger's opinion, including that Plaintiff would miss sixteen hours per month, that are supported by substantial evidence.  Even if the evidence could support Plaintiff's interpretation, the ALJ's finding was rational, and will not be disturbed.  *Tommasetti*, 533 F.3d at 1038 ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation.").

Third, Plaintiff's reliance on *Dale* is misplaced.  In *Dale*, the ALJ assigned limited weight to a nurse practitioner's testimony that had been divided into two parts:  (1) exertional and postural limitations; and (2) manipulative and mental limitations.  *Dale*, 823 F.3d at 945.  The ALJ rejected the nurse practitioner's testimony because the exertional and postural limitations

Page 11 – OPINION AND ORDER

were not supported by her own treatment notes, but the ALJ gave no reasons for discounting her opinion concerning the manipulative and mental limitations. *Id.* at 944. The *Dale* court determined that "an ALJ errs when he discounts an other source's entire testimony because of inconsistency with evidence in the record, when the ALJ has divided the testimony into distinct parts and determined that only one part of the testimony is inconsistent." *Id.* at 945.

The *Dale* rationale is inapposite here, because the ALJ did not "divide" Dr. Ensminger's opinion into two clear parts. Instead, the ALJ discussed all the limitations assessed by Dr. Ensminger and which were credited and incorporated into the RFC, or were discounted by citing specific and legitimate reasons. The Ninth Circuit limited *Dale's* holding to situations where the ALJ divides the testimony into distinct parts, observing that "[w]e need not decide whether an ALJ who has not divided an other source's testimony into distinct parts may discount that witness' entire opinion when only some of the opinion is inconsistent with evidence in the record."); *see also Bennett v. Colvin*, 202 F.Supp.3d 1119, 1135 n.1 (N.D. Cal. 2016) (noting the Ninth Circuit's limitation of *Dale*).

Furthermore, *Dale* involved discounting the testimony of non-acceptable source opinions, which may be discounted merely by identifying a germane reason. *Dale*, 823 F.3d at 944. Because of the heightened standards that apply to treating physician's opinions, *Dale* appears inapplicable here on that point as well. Plaintiff cites no authority applying the rationale in *Dale* to a treating physician's opinion, and the court declines to undertake such a search.

\\\\\

\\\\\

In summary, the ALJ has provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Ensminger's opinion that Plaintiff would be absent two days per month due to exacerbations of chronic pain. Accordingly, the ALJ did not err.

*Conclusion*

Based on the foregoing, the Commissioner's final decision is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 1st day of February, 2021.

                                          JOHN V. ACOSTA
                                      United States Magistrate Judge